UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES THOMAS,

        Plaintiff,

v.

T. WOOD, J. KLEPP, and K. BROWN, DSS,

        Defendants.

19-CV-6915-FPG

DECISION AND ORDER

## INTRODUCTION

On December 23, 2019, *pro se* Plaintiff James Thomas, a prisoner confined at the Wende Correctional Facility ("Wende"), filed a complaint seeking relief under 42 U.S.C. § 1983. ECF No. 1. He alleged that on November 23 and 24, 2019, Defendants T. Wood and J. Klepp, Correctional Officers at Wende, failed to protect him from attacks in his cell by other inmates in violation of his Eighth and Fourteenth Amendment rights. *Id.*

On February 5, 2020, Plaintiff moved to amend the complaint to add a new Defendant, K. Brown, Deputy Superintendent, Security. ECF No. 10. His motion included an amended complaint, in which Plaintiff alleged that Brown knew of the past violence against Plaintiff but denied his request for protective custody, which led to another attack on January 29, 2020 after Plaintiff was released from the Special Housing Unit to general population. ECF No. 10.

The Court granted Plaintiff's motion to amend, construed it as an amended complaint, and treated the original complaint and the amended complaint as the operative pleadings. ECF No. 16.

On June 3, 2020, Plaintiff filed a motion for preliminary injunction and temporary restraining order. ECF No. 18. Plaintiff's motion asks the Court to enjoin Defendants from overseeing his safety at Wende. He alleges that two other inmates—one who has a hit on Plaintiff

and another with whom Plaintiff got into a fight—were transferred to the same block as Plaintiff. He alleges that Defendant K. Brown knows that these inmates have tried to get Plaintiff out of his cell in order to assault him and yet Brown still placed those inmates nearby Plaintiff. The motion does not make any other factual allegations, nor does it include any legal argument.[1] For the reasons that follow, Plaintiff's motion is denied without prejudice.

## DISCUSSION

### I.     Legal Standard

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" *Distribution Sys. of Am., Inc. v. Vill. of Old Westbury*, 785 F. Supp. 347, 352 (E.D.N.Y. 1992) (quoting another source). A court may grant a motion for a preliminary injunction if the movant establishes "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of the claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Allah v. Piccolo*, No. 16-CV-177-FPG, 2018 WL 2381886, at *2 (W.D.N.Y. May 25, 2018).

"Normally, the purpose of a preliminary injunction is to maintain the *status quo ante* pending a full hearing on the merits. . . . Occasionally, however, the grant of injunctive relief will change the positions of the parties as it existed prior to the grant." *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) (citations omitted), *overruled on other grounds*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). "A higher standard applies . . . if the requested injunction is 'mandatory,' altering rather than maintaining the status quo, or if the injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if defendant

---

[1] The motion is styled as an order to show cause and reads like an order rather than a proper motion.

prevails at a trial on the merits." *People for Ethical Treatment of Animals v. Giuliani*, 105 F. Supp. 2d 294, 303 (S.D.N.Y. 2000), *report and recommendation adopted*, No. 00 CIV. 3972 (VM), 2000 WL 1639423 (S.D.N.Y. Oct. 31, 2000), *aff'd*, 18 F. App'x 35 (2d Cir. 2001). "[A] mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) (quotations and citation omitted).

**II.     Analysis**

Plaintiff seeks a mandatory injunction that would alter the status quo by enjoining the Defendants from overseeing his safety. Therefore, he is required to make a clear showing of entitlement to relief. Plaintiff has failed to satisfy this burden.

"Establishing irreparable harm is 'the single most important prerequisite' for a preliminary injunction. It is established only when the movant shows the harm is 'actual and imminent' and neither 'remote [n]or speculative' nor a harm that can be remedied with monetary damages or later in the litigation." *Jumale v. Barr*, No. 19-CV-1229-FPG, 2019 WL 5540794, at *2 (W.D.N.Y. Oct. 28, 2019), quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). That being said,

> an inmate who believes he is under a substantial risk of serious injury based on prison officials' disregard of threats of harm need not await for the threatened "tragic event" such as an actual assault before obtaining relief, but may seek injunctive relief based on the claim that defendant corrections officials are knowingly and unreasonably disregarding an objectively intolerable risk of harm and will continue to do so absent a court order directing otherwise.

*Toliver v. Colvin*, No. 12-CV-00227A(F), 2014 U.S. Dist. LEXIS 57895, at *21 (W.D.N.Y. Mar. 27, 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 845 (1993), and citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("It would be odd to deny an injunction to inmates who plainly proved an

3

unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them.")); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (holding that "allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that" constitutes imminent danger).

Yet Plaintiff here has not produced any evidence suggesting that he will suffer an actual and imminent harm if Defendant K. Brown is not enjoined from overseeing his safety. He has only submitted his unsworn motion. "[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction." *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995); *see also Ashcroft v. New York State Dep't of Corr. & Cmty. Supervision*, No. 1:18-CV-00603 EAW, 2020 WL 210754, at *1-2 (W.D.N.Y. Jan. 13, 2020) ("Because Plaintiff has not supported his request for preliminary injunctive relief with proper evidence, his motion must be denied."); *Purdie v. Supervisor, Admin. Mail Room, Auburn Corr. Facility*, No. 9:09CV951FJS/ATB, 2010 WL 148639, at *4 (N.D.N.Y. Jan. 13, 2010) (mandatory preliminary injunction denied where the plaintiff submitted no "proof or evidence [meeting] [the preliminary injunction] standard").

Accordingly, Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 18) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: June 5, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District